Michael F. Ram (SBN 104805)
mram@forthepeople.com
Marie N. Appel (SBN 187483)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6293

Glenn A. Danas (SBN 270317)
gdanas@robinskaplan.com
ROBINS KAPLAN LLP
2049 Century Park E., Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for the Plaintiff Classess

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATYA SCHAEFER, on behalf of herself, all others similarly situated, and as private attorney general,<br><br>Plaintiff,<br><br>v.<br><br>LIFETOUCH NATIONAL SCHOOL STUDIOS, INC., a Minnesota Corporation, and DOES 1 through 50,<br><br>Defendant. | Case No.: 2:20-cv-7168<br><br>CLASS ACTION COMPLAINT FOR<br>1. Failure to Provide Meal Breaks in Violation of Labor Code §§ 226.7, 512(a), 1198, and Wage Order 4-2001;<br>2. Failure to Provide Rest Breaks in Violation of Labor Code §§ 226.7 and 1198;<br>3. Failure to Pay Overtime in Violation of Labor Code §§ 204, 510, 1194, 1194.5;<br>4. Failure to Pay Minimum Wages in Violation of Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198;<br>5. Failure to Timely Pay Wages in Violation of Labor Code §§ 204, 510;<br>6. Failure to Reimburse Employees for |

Business Expenses in Violation of Labor Code § 2802;

7. Failure to Provide Compliant Wage Statements and Failure to Maintain Accurate Payroll Records Violation of California Labor Code §§ 226(a), 1174(d), and 1198; and Failure to Provide an Accurate Itemized Paystub in Violation of Labor Code §§ 226, 226.3 and 1174;

8. Failure to timely pay employees for all wages owed at termination in violation of Labor Code §§ 201 and 202;

9. Violations of Bus. & Prof. Code §§ 17200 *et seq.*;

10. Civil Penalties Under Private Attorneys General Act, Cal. Lab. Code §§ 2698 *et seq.*

Plaintiff Katya Schaefer hereby alleges as follows:

**INTRODUCTION**

1.     Plaintiff brings the First through Ninth Causes of Action in this Complaint on behalf of herself and a class of current and former non-exempt employees of Lifetouch National School Studios, Inc. ("Lifetouch") as class claims pursuant to California Code of Civil Procedure section 382.  The class includes all individuals who have worked for Lifetouch as an hourly employee in California at any time since the date four years prior to the filing of this Complaint.

2.     Also, pursuant to the California Labor Code Private Attorney General Act of 2004 (Cal. Lab. Code §§ 2698 *et seq.*), Plaintiffs seek to assess and collect— on behalf of the California Labor and Workforce Development Agency and each aggrieved employee—the applicable civil penalties for Lifetouch's Labor Code violations committed against Plaintiffs, and other former and current employees,

1   for each of the Labor Code violations alleged in the First through Eighth Causes of

2   Action.

3        3.      This class and private attorney general action seeks relief for the

4   following of Lifetouch's violations of California law: (1) failing to provide meal

5   breaks in violation of Labor Code sections 226.7, 512(a), 1198, and Wage Order 4-

6   2001; (2) failing to provide rest breaks in violation of Labor Code sections 226.7

7   and 1198; (3) failing to pay overtime in violation of Labor Code sections 204, 510,

8   1194, 1194.5; (4) failing to pay minimum wages in violation of Labor Code

9   sections 1182.12, 1194, 1197, 1197.1, and 1198; (5) failing to timely pay wages in

10  violation of Labor Code sections 204, 510; (6) failing to reimburse employees for

11  business expenses in Violation of Labor Code section 2802; (7) failing to provide

12  compliant wage statements and failure to maintain accurate payroll records in

13  violation of California Labor Code sections 226(a), 1174(d), and 1198, and failing

14  to provide an accurate itemized paystub in violation of Labor Code sections 226,

15  226.3 and 1174; (8) failing to timely pay employees for all wages owed at

16  termination in violation of Labor Code sections 201 and 202; (9) Violations of Bus.

17  & Prof. Code sections 17200 *et seq.*; and (10) Liability and civil penalties under

18  Labor Code §§ 2698 *et seq.*

19       4.      The described conduct renders Lifetouch liable for wages, statutory

20  penalties, and civil penalties as set forth in California Labor Code sections 226(e),

21  226.3, 226.6, 558, 1054, 1174.5, 2699(a), 2699(f), and 2699.5, as well as injunctive

22  relief and restitution under Bus. & Prof. Code sections 17200 *et seq.*

23                          **JURISDICTION AND VENUE**

24       5.      This Court has jurisdiction over this case under 28 U.S.C. 1332(d)(2)

25  in that: (1) this action is a class action with more than one hundred (100) class

26  members; (2) Defendant Lifetouch is and at all relevant times was, a Minnesota

27  Corporation registered to do business within the State of California and is an

28  employer under applicable Industrial Welfare Commission Orders; (3) Plaintiff and

CLASS ACTION COMPLAINT

all members of the Class are United States citizens; and (4) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

6.     Venue in this Court is proper: (1) pursuant to 28 U.S.C. section 1391(a)(1) in that defendant Lifetouch National School Studios, Inc. does sufficient business in this District to subject it to personal jurisdiction herein; and (2) pursuant to 28 U.S.C. section 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS RELATING TO LIFETOUCH

7.     Lifetouch is, and at all relevant times was, a Minnesota Corporation doing business within the State of California and is an employer under applicable Industrial Welfare Commission Orders.  Lifetouch National School Studios, Inc. is a subsidiary of Lifetouch, Inc., a Minnesota corporation with its principal place of business in Eden Prairie, Minnesota.

8.     According to its public corporate statements, "one of the largest US portrait photographers, employee-owned Lifetouch, Inc. runs about 700 photography studios located within J. C. Penney and Target stores nationwide, as well as some 15 standalone locations in half a dozen states that operate under the banner FLASH! Digital Portraits.  Lifetouch, Inc., which since late 2011 also owns smaller rival Olan Mills, takes baby, family, business, sports, and special events portraits.  As an added service, the photography firm also publishes church directories, yearbooks, and memory books, offering multimedia production services."[1] As relevant here, Lifetouch, Inc. contracts with California schools at all levels to take and retouch student individual and class photographs, for class pictures and yearbooks, through its Lifetouch National School Studios, Inc. subsidiary.  To provide these services, Lifetouch hires numerous employees, including Plaintiff, other aggrieved employees, and class members, for the position

---

[1] https://www.dnb.com/business-directory/company-profiles.lifetouch_inc.95cbd7e791c3bbc8232cf6e3f8e1cb44.html; Onestop report, Lifetouch, Inc., 11 November 2019, D&B Hoovers, p. 6.

CLASS ACTION COMPLAINT

1    of photographer.

2         9.      Plaintiff is informed and believes that as of late 2019, Lifetouch had

3    approximately 1,463 non-exempt employees throughout California, and an

4    unknown number of former employees who worked within the relevant statutes of

5    limitations.  The number of current employees Lifetouch has at any particular point

6    in time will vary, as Plaintiff is informed and believes its business is seasonal,

7    leading to substantial swings in number of photographers employed throughout the

8    school year.

9         10.     Plaintiff is ignorant of the true names and capacities of Defendants

10   sued herein as Does 1 through 100, inclusive, ("Doe Defendants") and therefore

11   sues these Doe Defendants by fictitious names.  Plaintiff will amend this complaint

12   to allege the true names and capacities of these fictitiously-named Doe Defendants

13   when they are ascertained.  Each of the fictitiously- named Doe Defendants is

14   responsible for the conduct alleged in this complaint and Plaintiff's damages were

15   actually and proximately caused by the conduct of the fictitiously named Doe

16   Defendants.

17        11.     Plaintiff is informed and believes and on that basis alleges that each of

18   these Doe Defendants was the agent, joint venturer and/or employee of Defendants

19   and/or the Doe Defendants, and in doing the things hereinafter alleged, was acting

20   within the course and scope of the agency, joint venture and employment with the

21   advance knowledge, acquiescence or subsequent ratification of Defendants and

22   each and every other Doe Defendant.

23        **FACTS RELATING TO LIFETOUCH'S POLICIES AND PRACTICES**

24        10.     Upon information and belief, Lifetouch maintains a single, centralized

25   Human Resources ("HR") department, which is responsible for recruiting and

26   hiring of new employees, and communicating and implementing Lifetouch's

27   company-wide policies, including timekeeping policies and meal and rest break

28   policies, to employees throughout California.

11.    In particular, Plaintiff, aggrieved employees and class members, on information and belief, received the same standardized documents and/or written policies.  Upon information and belief, the usage of standardized documents and/or written policies, including new-hire documents, indicate that Lifetouch dictates policies at the corporate level and implements them uniformly throughout California, regardless of their photographer employees' assigned locations within California.  Upon information and belief, Lifetouch set forth uniform policies and procedures in several documents provided at an employee's time of hire.

12.    Upon information and belief, Defendants maintain a centralized payroll department at their corporate headquarters in Minnesota, which processes payroll for all non-exempt, hourly-paid employees working for Lifetouch at their various locations and jobsites in California, including Plaintiff, aggrieved employees, and class members.  Based upon information and belief, Lifetouch issues the same formatted wage statements to all non-exempt, hourly-paid employees in California, irrespective of their work locations.  Upon information and belief, Lifetouch processes payroll for departing employees in the same manner throughout the State of California, regardless of the manner in which each employee's employment ends.

13.    Defendants continue to employ non-exempt or hourly-paid employees in California.

14.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Lifetouch was advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law, employment and personnel practices, and about the requirements of California law.

15.    The number of hours Plaintiff and other photographers work depends on the season.  From December to May, photographers work eight to nine hours per day.  During the "busy" season of June to November, photographers frequently

work between 10 to 18 hours per day, up to six days per week.

16.    Plaintiff is informed and believes, and thereon alleges, that Lifetouch knew or should have known that Plaintiff, aggrieved employees and class members were entitled to meal periods in accordance with the Labor Code or payment of one (1) additional hour of pay at their regular rates of pay when they were not provided with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff, aggrieved employees and class members were not provided with all meal periods or payment of one (1) additional hour of pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

17.    Plaintiff is informed and believes, and thereon alleges, that Lifetouch knew or should have known that Plaintiff, aggrieved employees and class members were entitled to rest periods in accordance with the Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a rest period and that Plaintiff, aggrieved employees and class members were not authorized and permitted to rest periods or did not receive payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

18.    When Lifetouch employees work shifts in excess of eight (8) hours, they are expected to, and frequently do, work through their meal breaks and rest breaks.  If Lifetouch employees do receive meal or rest breaks, such breaks are not uninterrupted, as employees must all remain on site and are expected to be available to answer questions from school officials.  Lifetouch has told employee photographers, including Plaintiff, that the schools are responsible for providing any meal and rest breaks to photographers, and that Lifetouch has no control over this.  Lifetouch has a policy of not paying any premiums for missed meal or rest breaks, or only paying one premium per shift, regardless of how many meal and/or rest breaks were missed, in violation of California Labor Code sections 226, 226.7

and 512.

19.    Also, to the extent that Lifetouch did pay Plaintiff and class members one (1) additional hour of premium pay for missed or otherwise noncompliant meal or rest periods, Lifetouch did not pay Plaintiff and class members at the correct rate of pay for premium wages because Lifetouch failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  As a result, to the extent Lifetouch paid Plaintiff and class members premium pay for missed meal or rest periods, it did so at a lower rate than required by law.

20.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff, aggrieved employees, and class members were not paid for all hours worked because all hours worked were not recorded.

21.    Plaintiff is informed and believes, and thereon alleges, that Lifetouch knew or should have known that Plaintiff, aggrieved employees, and class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for work that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff, aggrieved employees, and class members were not paid at least minimum wages for work done off-the-clock.

22.    For instance, Lifetouch maintains a policy of frequently requiring employees to work off-the clock, without compensation, usually at the beginning and/or end of the day.  Lifetouch builds into each photographer's shift only a certain amount of time to complete all of the tasks required for their shifts, specifically loading/unloading, setting up/breaking down equipment used at off-site photo shoots, and preparing the site for the photo shoot.  Depending on the shift, the allotted time is usually 30 or 45 minutes at the beginning and at the end of each shift.  Employees are trained to sign in and out only for the hours indicated in their assigned shift, even if they work longer to unload equipment on arrival at a job site

and to prepare the location, or to pack up all gear, clean up the jobsite, and otherwise prepare for departure.  Lifetouch fails to pay employees for this time its employees work off-the-clock, therefore violating Labor Code sections 204, 218.6, 223, 510, 1194, and 1194.2.

23.     Also, Plaintiff is informed and believes, and thereon alleges, that Lifetouch rounds employee hours in increments including 15-minute increments, and that such rounding has a substantial negative effect on employees' wages, in the aggregate.  This also violates employees' rights to be paid wages, under Labor Code sections 204, 218.6, 223, 510, 1194, and 1194.2.

24.     Plaintiff is informed and believes, and thereon alleges, that Lifetouch knew or should have known that Plaintiff, aggrieved employees, and class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

25.     As described above, Lifetouch frequently requires its photographers, to work over eight (8) hours in a day and forty (40) hours in a week, without paying these employees for all the overtime compensation due to them.  As a result, the employees have been denied, "the unpaid balance of the full amount of . . . overtime compensation" as required by California Labor Code sections  204, 510, 1194, and Lifetouch is liable for civil penalties pursuant to California Labor Code section 2698 *et seq.*

26.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, that Lifetouch knew or should have known that it had a duty to cover the costs and expenses Plaintiff, aggrieved employees and class members incurred in performing their jobs, including for cell phone data plans and mileage driven, but willfully, knowingly, and intentionally failed to do so.

27.     For instance, Lifetouch had a practice of limiting the amount of overtime it would pay employees to "one point per day" (equal to two hours of overtime), irrespective of how many overtime hours an employee worked, and

CLASS ACTION COMPLAINT

despite having a written policy that allowed up to five hours of overtime pay per employee per day.

28.    Plaintiff is informed and believes, and thereon alleges, that Lifetouch knew or should have known that Plaintiff, aggrieved employees, and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

29.    Lifetouch typically requires its employees to use their cell phones for work.  For example, the lead photographer is required to use his or her personal cell phone to coordinate with other employees for a photo shoot, to contact the office if problems arise, to access the Internet to get information regarding how to set up equipment, or to call tech support to be walked-through problems with older, often outdated equipment.  In addition, photographers who photograph children often use their phones to stream music from their personal Spotify or other music-streaming apps, so the photo shoot will proceed more easily.

30.    Lifetouch has a policy of providing only a $20 flat cell phone reimbursement to employees, regardless of what a data plan might cost an employee.  Lifetouch also discourages employees from seeking reimbursement under the cell phone reimbursement policy by keeping its existence quiet, by delaying reimbursement under it, by requiring employees to forego their right to privacy, and other conduct designed to limit employees' use of the reimbursement policy.  For example, Lifetouch requires employees seeking the $20 cell phone reimbursement to submit the first three pages of their cell phone bills, which some employees forego due to privacy concerns.

31.    Lifetouch also requires employees to use their cars for work.  For example, employees must use their personal cars to get themselves and the equipment (often weighing more than 200 pounds) to each site.  However,

Lifetouch only paid for mileage from its office to the school site. Employees were not reimbursed for mileage from their home to Lifetouch, even if they had to drive to the Lifetouch office first to pick up the equipment they would need.  Employees could keep equipment overnight only if they had a secure garage, and they were charged for any equipment that was stolen, damaged or broken.

32.     Even when Lifetouch does reimburse employees for mileage, it does not always reimburse employees fully or in compliance with California law.  When Lifetouch does reimburse employees for vehicle use, payment will typically take a month or two, and the reimbursement is often less than was required.  Accordingly, Lifetouch fails to reimburse employees as required for business expenses such as cell phone and vehicle usage in violation of California Labor Code section 2802.

33.     Lifetouch's failure to pay Plaintiff all wages due under Labor Code sections 204, 218.6, 223, 510, 558, 1194, and 1194.2 and the applicable IWC Wage Orders also cause the wage statements Lifetouch issues to its employees to be inaccurate.  Lifetouch's failure to correctly list the number of hours worked on wage statements violates California Labor Code sections 226 and 1194, and IWC Wage Orders.

34.     Plaintiff is informed and believes, and thereon alleges, that Lifetouch knew or should have known that Plaintiff, aggrieved employees, and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff, aggrieved employees, and class members were not provided complete and accurate wage statements.

35.     Plaintiff is informed and believes, and thereon alleges, that Lifetouch knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

36.     The wage statements Lifetouch provides its employees regularly fail to

CLASS ACTION COMPLAINT

include all required information, and were deficient in numerous ways, including by inaccurately stating the hours its photographer employees worked, and inaccurately reflecting the number of overtime hours photographer employees worked.  Therefore, Lifetouch has violated California Labor Code section 226(a) by willfully failing to furnish its employee photographers with accurate, itemized wage statements.

37.    Lifetouch has violated California Labor Code sections 201 and 202 by willfully failing to pay all compensation due and owing to all former employees at the time employment was terminated.  Lifetouch willfully failed to pay employees who are no longer employed by it all compensation due upon termination of employment as required under California Labor Code sections 201 and 202. Pursuant to sections  203 and 256 of the Labor Code, former employees are now also entitled to recover up to thirty (30) days of wages due to Lifetouch's "willful" failure to comply with the statutory requirements of sections  201 and 202 of the Labor Code.

38.    Additionally, Lifetouch separately violated California Labor Code section 2698 *et seq.* and is liable for civil penalties in addition to other remedies, for its failure to pay wages owed, to pay overtime, to pay minimum wages, to provide meal breaks, to provide rest breaks, to reimburse business expenses, to provide compliant wage statements, and to pay timely compensation at termination.

## FACTS RELATING TO PLAINTIFF

39.    Plaintiff, Katya Schaefer was employed by Lifetouch as a Photographer in California from approximately March, 2019, to December, 2019. During her employment with Lifetouch, Plaintiff was employed as a school photographer out in the field, but was based in Lifetouch's Irwindale, California headquarters.  As part of Plaintiff's duties, she was sent all throughout Los Angeles County to take student photographs at Los Angeles schools.  Plaintiff currently is a Colorado resident.

CLASS ACTION COMPLAINT

40.     As a photographer, Plaintiff earned about $14.50 per hour as her usual, base pay rate.

41.     Plaintiff frequently worked shifts far in excess of 8 hours, but was expected to, and frequently did, work through her meal breaks, and rest breaks. Even when she did have a meal or rest break, she was not relieved of all work duties: she often had to field questions from customers at the photo shoot site during break.

42.     At first, Plaintiff was not paid any premiums for missed meal or rest breaks.  However, after Plaintiff asked her manager, after about three months she began being paid one missed break premium per day, irrespective of how many breaks she missed.  She was told by a Lifetouch manager that she could only be paid for one premium per day, regardless of how many meal and rest breaks she missed.

43.     Plaintiff learned that another employee who asked whether she could be paid the meal and rest break premiums owed from the past several years was told that she would have to prove her entitlement to them with records, despite the company's responsibility to keep such records.

44.     Plaintiff frequently worked time off the clock before her shift began, or after her shift has ended to unload and load equipment, to bring equipment to the specific photo shoot area, and to prepare the area.  Plaintiff was not paid for the full amount of time worked because she often worked more than the 30 or 45 minutes that Lifetouch allots at the beginning of each shift to set up, and at the end of each shift to break down, to complete all of the tasks required for her shift.

45.     Plaintiff was required to use her cell phone for work, to coordinate with other employees, to call the office during a photo shoot if needed, and to stream music to entertain children she was photographing.  Plaintiff only received the $20 flat cell phone reimbursement provided by Lifetouch, even though her cell phone plan costs much more.

CLASS ACTION COMPLAINT

46.     Plaintiff also was not reimbursed fully, per California law, for use of her personal vehicle for work.  When Lifetouch did reimburse Plaintiff for the use of her car, it typically did so very late, often after a month or two, and it was often less than required.

47.     Lifetouch failed to pay Plaintiff all overtime wages due as required by California Labor Code sections 510, 558 and 1194, and applicable IWC Wage Orders.  Plaintiff was limited to overtime in the amount of "one point per day," which equaled two hours of overtime.  Plaintiff requested a company employee handbook and was met with delays and excuses from management; when she ultimately received a handbook, she learned that the Lifetouch "official" policy was that employees could be earn and be paid up to five hours per day of overtime wages, in direct conflict with what she had been told.  Moreover, because Plaintiff's wage statements were inaccurate, Lifetouch was able to evade detection for failing to pay her overtime for some time, in violation of California Labor Code sections 226 and 1194, and IWC Wage Orders.

48.     Although Lifetouch provided wage statements, the wage statements regularly incorrectly listed the hours actually worked by Plaintiff as well as the number of overtime hours Plaintiff worked.  Therefore, Plaintiff's wage statements were inaccurate and noncompliant, in violation of Labor Code section 226.

49.     After Plaintiff was laid off from Lifetouch, she did not receive her final pay for between seven and 14 days, in direct violation of Labor Code sections 201 and 203.  Lifetouch's failure to pay Plaintiff her final wages immediately, as required, was willful, and, on information and belief, is a consistent practice of Lifetouch's in California.

\\\

\\\

\\\

\\\

## FACTS RELATING TO PLAINTIFF AS A
## PRIVATE ATTORNEY GENERAL

50.     Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

51.     California Labor Code section 2698 *et seq.* authorizes Plaintiff to recover civil penalties for all of the Labor Code violations, described here, committed by Lifetouch with respect to Plaintiff as well as all other aggrieved employees of Lifetouch's who have been employed in California within the relevant statute of limitations.

52.     Plaintiff seeks to recover civil penalties for all of the Labor Code violations, described in this Complaint, committed by Lifetouch with respect to Plaintiff and all other non-exempt employees of Lifetouch who have been employed in California, pursuant to California Labor Code section 2699 *et seq.*

53.     Plaintiff has fully exhausted all administrative prerequisites to filing the instant lawsuit.  Pursuant to California Labor Code section 2699.3, on April 11, 2020, Plaintiff gave online notice to the Labor and Workforce Development Agency (LWDA), and, on April 1, 2020, notice by certified mail to the employer of the specific provisions of the codes alleged to be violated in this Complaint, including the facts and theories to support the alleged violations.  A copy of the letter is attached hereto as Exhibit A.

54.     More than 65 days have passed since Plaintiff gave online notice to the LWDA, and notice by certified mail to the Lifetouch.  Lifetouch has provided no notice of curing any of the Labor Code violations described herein.  The LWDA has not responded to Plaintiff's notice.

## CLASS ALLEGATIONS

55.     Plaintiff brings this case as a class action pursuant to California Code of Civil Procedure section 382 on behalf of a class consisting of: all current and former employees of Lifetouch who have worked as photographers within four

years of the filing of this Complaint through the date an order is entered certify the class, or such other date as may be ordered, or amended, by the Court.

56.     The class is so numerous that joinder of all members is impracticable. Plaintiff believes that the class numbers well in excess of 1,000 persons.  The proposed class is sufficiently numerous and the class members are geographically dispersed throughout California, making joinder of class members in one action is impracticable.  Disposition of the class members' claims in a class action will provide substantial benefits to both the parties and the Court.

57.     Plaintiff's claims are typical of the claims of the other members of the class, as Plaintiff and all other members of the class sustained damages arising out of Lifetouch's conduct in violation of the California labor laws as complained of here.

58.     Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel competent and experienced in complex class action litigation including employment litigation.  Plaintiff has no interests that are contrary to, or in conflict with, those of the other members of the class.

59.     Common questions of law and fact exist as to all members of the class and predominate over any questions affecting solely individual members of the class.  Among the questions of law and fact common to the class are:

(a)     Whether Lifetouch implemented and engaged in a practice whereby Lifetouch unlawfully failed to provide compliant meal breaks, or provide compensation for non-compliant or missed meal breaks, to Plaintiff and the proposed class members;

(b)     Whether Lifetouch implemented and engaged in a practice whereby Lifetouch unlawfully failed to provide compliant rest breaks, or provide compensation for non-compliant or missed rest breaks, to Plaintiff and the proposed class members;

(c)     Whether Lifetouch implemented and engaged in a practice whereby

Lifetouch failed to pay Plaintiff and members of the proposed class for all wages owed;

(d)    Whether Lifetouch implemented and engaged in a practice whereby Lifetouch failed to pay Plaintiff and the proposed class members regular and overtime wages owed;

(e)    Whether Lifetouch implemented and engaged in a practice whereby Lifetouch failed to provide Plaintiff and the proposed class members compliant wage statements;

(f)    Whether the acts and practices of Lifetouch as alleged herein violated, among other things, applicable provisions of the California Labor Code, including but not limited to sections 201, 202, 204, 226, 226.7, 351, 510, 512, 558, 1098, 1174, 1194, 1198, the Unfair Competition Law codified in California Business and Professions Code section 17200 *et seq.*, and the Private Attorneys General Act of 2004 (the PAGA), California Labor Code section 2698 *et seq.*; and

(g)    Whether Plaintiff and the members of the class are entitled to damages, including statutory penalties, pursuant to the California Labor Code.

60.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.  Further, the amount at stake for many of the class members, while substantial, is not great enough to enable them to maintain individual suits against Lifetouch.  Without a class action, Lifetouch will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to the class.  Plaintiff envisions no difficulty in the management of this action as a class action.

61.    Lifetouch has acted on grounds generally applicable to the entire class, thereby making final relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class would create the

CLASS ACTION COMPLAINT

risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Lifetouch.

**FIRST CAUSE OF ACTION**
**(Violations of California Labor Code, sections 226.7, 512(a), 1198, and Wage Order 4-2001—Meal Period Violations)**

62.    Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

63.    At all relevant times herein set forth, California Labor Code section 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-42 (2012).

64.    The Wage Order also requires an employer to provide an employee with a ten-minute rest break for each four-hour work period, or major fraction thereof.

65.    At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), 1198 and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

66.    Labor Code section 226.7 prohibits employers from requiring employees to work during a meal period set forth by statute, regulation, standard, or order of the Industrial Welfare Commission.  Labor Code section 226.7 also

1  requires an employer to pay mandated premiums of an extra hour of wages to any

2  employees who have not been provided with a timely meal or rest break.

3       67.    Labor Code section 1198 requires that Lifetouch comply with the meal

4  break and record-keeping requirements of the Wage Order.

5       68.    Since at least 2016, Lifetouch has maintained a uniform, unlawful

6  policy and/or practice with regard to meal breaks for all of its photographer

7  employees in California.  Lifetouch has failed, and fails, to maintain a policy to

8  provide its photographers with compliant meal breaks.  Rather, under Lifetouch's

9  uniform policy and/or practice, when employees work shifts in excess of five hours,

10  they are expected to, and frequently do, work through their meal breaks.  Lifetouch

11  has told employee photographers, including Plaintiff that it is not responsible for

12  providing them with compliant meal breaks, and that it is the schools that dictate

13  when/whether photographers may take breaks.  As a result of this policy,

14  photographer employees frequently are unable to take uninterrupted meal breaks.

15       69.    Plaintiff has personally worked shifts over five hours in duration in

16  which she was not relieved of duty for an uninterrupted thirty-minute meal break.

17  Plaintiff has personally worked shifts over ten hours in duration in which she was

18  not relieved of duty for an uninterrupted thirty-minute meal break.  Plaintiff has

19  personally not been paid premiums for missed meal breaks.

20       70.    Lifetouch has a policy of either not paying premiums for missed meal

21  breaks, or only paying one premium per shift for meal and rest breaks combined,

22  regardless of how many meal and rest breaks were missed, in violation of

23  California Labor Code section 226.7 and 512.

24       71.    At all times described herein, Lifetouch has acted willfully and

25  deliberately with oppression, fraud and malice to deprive its employees of the meal

26  breaks and meal period premiums to which they are entitled.

27       72.    As a result, Lifetouch failed to provide Plaintiff, aggrieved employees

28  and class members compliant meal periods in violation of California Labor Code

CLASS ACTION COMPLAINT

sections 226.7 and 512 and failed to pay the full meal period premiums due.

73.    Lifetouch's conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), and 1198.  Plaintiff, aggrieved employees, and class members are therefore entitled to recover from Lifetouch one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided, plus interest and attorneys' fees.

### SECOND CAUSE OF ACTION
### (Violation of California Labor Code sections 226.7 and 1198—Rest Break Violations)

67.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

68.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7 and 1198 were applicable to Plaintiff, aggrieved employees, and class members' employment by Lifetouch.

69.    At all relevant times, the applicable IWC Wage Order has provided that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

70.    At all relevant times, California Labor Code section 226.7 has provided that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties — including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*,

2 Cal. 5th 257, 269-70 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff, aggrieved employees, and class members are entitled to recover from Lifetouch one (1) additional hour of pay at their regular rates of pay for each work day that a compliant rest period was not authorized and permitted.

71.    Since at least 2016, Lifetouch has maintained a uniform, unlawful policy and/or practice with regard to rest breaks for all of its photographer employees in California.  Lifetouch has failed, and fails, to maintain a policy to provide its photographers with compliant rest breaks.  Rather, under Lifetouch's uniform policy and/or practice, when employees work shifts in excess of five hours, they are expected to, and frequently do, work through their meal breaks.  Lifetouch has told employee photographers, including Plaintiff, that it is not responsible for providing them with compliant rest breaks, and that it is the schools that dictate when/whether photographers may take rest breaks.  As a result of this policy, photographer employees frequently are unable to take timely, uninterrupted rest breaks, free from the employer's control.

72.    During the relevant time period, Lifetouch required that Plaintiff, aggrieved employees and class members perform work during any periods of rest, including by responding to work-related questions from Lifetouch's customers regardless of whether they were on their 10-minute rest periods.

73.    Moreover, Lifetouch had no policy for scheduling and authorizing Plaintiff and class members to take second 10-minute uninterrupted rest breaks for shifts of six hours or more, or third 10-minute uninterrupted rest periods when they worked shifts of ten (10) hours or more.  Plaintiff worked ten (10) hours or more on most days during the "busy season" of June through November, without receiving all three 10-minute uninterrupted rest periods.  On information and belief, Plaintiff's experience is mirrored by other Lifetouch photographers in California. Lifetouch therefore failed to relieve Plaintiff and class members of all duties during

rest periods and thereby failed to authorize and permit them to take uninterrupted rest periods. Thus, Plaintiff, aggrieved employees and class members worked shifts in excess of 3.5 hours, in excess of six (6) hours, and/or in excess of ten (10) hours without receiving all ten (10) minute rest periods to which they were entitled.

74. Defendants have also engaged in a systematic, company-wide practice and/or policy of not paying rest period premiums owed when rest periods are not authorized and permitted. Alternatively, to the extent that Lifetouch did pay Plaintiff and class members one (1) additional hour of premium pay for missed rest periods, Lifetouch did not pay Plaintiff and class members at the correct rate of pay for premium wages because Lifetouch failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay. As a result, to the extent Lifetouch paid Plaintiff and class members premium pay for missed rest periods, it did so at a lower rate than required by law.

75. Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 1198. Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period was not authorized and permitted.

### THIRD CAUSE OF ACTION
### (Violation of Labor Code sections 204, 510, 1194, 1194.5—
### Failure to Pay Overtime Wages)

74. Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

75. Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that, "[T]he standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for

employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

76.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons working more than eight (8) hours in a day or more than forty (40) hours in a workweek without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

77.    Specifically, the applicable IWC Wage Order provides that Lifetouch is and was required to pay Plaintiff, aggrieved employees and class members working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time and one-half (1½) for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

78.    The applicable IWC Wage Order further provides that Lifetouch is and was required to pay Plaintiff, aggrieved employees, and class members working more than twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including non-discretionary bonuses and incentive pay.

79.    California Labor Code section 510 codifies the right to overtime compensation at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh (7th) day of work.

80.    During the relevant time period, Lifetouch willfully failed to pay all overtime wages owed to Plaintiff, aggrieved employees and class members.  During

the relevant time period, Plaintiff, aggrieved employees, and class members were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours worked were not recorded.

81.     Lifetouch knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff, aggrieved employees and class members were performing work off-the-clock on their off-days and before and after their shifts, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff, aggrieved employees and class members worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff, aggrieved employees, and class members were not paid overtime wages for all of the overtime hours they actually worked.

82.     Furthermore, Lifetouch did not pay Plaintiff, aggrieved employees and class members the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Lifetouch paid Plaintiff, aggrieved employees and class members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration such as, for example, periodic contests where photographers entered photos and were paid a cash prize. However, in violation of the California Labor Code, Lifetouch failed to incorporate all compensation, including incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff, aggrieved employees and class members worked overtime and received these other forms of pay, Lifetouch failed to pay all overtime wages by paying a lower overtime rate than required.

83.     Moreover, Lifetouch had a policy and/or practice of requiring employees to work off the clock, including but not limited to much of the time

spent loading equipment in before a shift began or loading equipment out after a

shift ended.  Failure to capture this additional time spent working contributed to

Plaintiff, aggrieved employees and class members not receiving overtime wages

that would have been required had all time worked been captured.

84.    Also, by virtue of the previously alleged violations of California's

meal and rest break requirements, Plaintiff, aggrieved employees and the class

members have not been compensated for all of the time they are deemed as a matter

of law to be "on duty."

85.    When this time is added to the work they performed during a day, or

week, it will, in many instances, put Plaintiff, aggrieved employees and class

members over the threshold for overtime pay, meaning that they are entitled to

overtime compensation for any work day or week where they are deemed to have

been on duty for more than eight or forty hours, respectively.

86.    Plaintiff, aggrieved employees, and the class members have been

deprived of their rightfully earned overtime compensation as a direct and proximate

result of Lifetouch's policies and failure and failure to pay this compensation.

Plaintiff, aggrieved employees, and the class members are entitled to recovery of

such amounts, plus interest thereon, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**(Violation of California Labor Code sections 1182.12, 1194, 1197,**
**1197.1, and 1198—Unpaid Minimum Wages)**

87.    Plaintiff incorporates by reference and re-alleges as if fully stated

herein each and every allegation set forth above.

88.    At all relevant times, California Labor Code sections 1182.12, 1194,

1197, 1197.1, and 1198 have provided that the minimum wage for employees fixed

by the IWC is the minimum wage to be paid to employees, and the payment of a

wage less than the minimum so fixed is unlawful.  Compensable work time is

defined by the applicable wage order as "the time during which an employee is

CLASS ACTION COMPLAINT

subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs. tit. 8, section 11070(2)(G) (defining "Hours Worked").

89.    During the relevant time period, Lifetouch maintained and still maintains a policy of requiring employees to work off-the-clock, without compensation, usually at the beginning and/or end of the day.  Lifetouch builds into each photographer's shift only a certain, inadequate amount of time to complete all of the tasks required for their shifts, specifically loading/unloading, setting up/breaking down equipment used at off-site photo shoots, and preparing the site for the photo shoot.  Depending on the shift, the allotted time is usually 30 or 45 minutes at the beginning of each shift, and 30 or 45 minutes at the end of each shift. This is usually not enough time to accomplish the required tasks.

90.    Lifetouch photographer employees are trained to sign in and out only for the hours indicated in their assigned shift, even if they work longer to unload equipment on arrival at a job site and to prepare the location, or to pack up all gear, clean up the jobsite, and otherwise prepare for departure.

91.    In addition, employees entered their time using an ADP application which rounded the entered time to the nearest 15 minute increment and did not compute the hours worked based on actual time entered.  In the aggregate, this practice led to substantial underpayment of wages to Lifetouch employees.

92.    Lifetouch did not pay minimum wages for off-the-clock work that Plaintiff, aggrieved employees and class members performed that qualified for overtime wages.  To the extent that these off-the-clock hours did not qualify for overtime wages, Lifetouch did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

93.    Lifetouch's failure to pay Plaintiff, aggrieved employees, and class members minimum wages violates California Labor Code sections 1182.12, 1194,

1197, 1197.1, and 1198.  Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully withheld, and interest thereon.

### FIFTH CAUSE OF ACTION
### (Violation of Labor Code sections 204, 510— Failure to Timely Pay Wages)

87.     Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

88.     Labor Code section 204 requires that all wages are due and payable twice in each calendar month.

89.     At all times relevant hereto, as described herein, Lifetouch's non-exempt employees have earned, but not been paid, wages for off the clock work, premium pay wages for missed meal and rest breaks, and overtime wages.

90.     At all times relevant hereto, Lifetouch has failed to pay its non-exempt employees the foregoing wages as required by the Wage Order and Labor Code section 204.

91.     This conduct, in addition, constitutes violations of California Labor Code section 1198.  The described conduct renders Lifetouch liable for civil penalties as set forth in California Labor Code sections 558, 2699, and 2699.5.

### SIXTH CAUSE OF ACTION
### (Violation of California Labor Code section 2802— Unpaid Business-Related Expenses)

92.     Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

93.     At all times herein set forth, California Labor Code section 2802 has provided and provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers

from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014). The applicable wage order, IWC Wage Order 4-2001, ¶9(B) provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

94.    Lifetouch violates Labor Code section 2802 by having failed, and failing to reimburse its photography employees for their business-related expenses. For instance, during the relevant time period, Lifetouch, on a company-wide basis, required that Plaintiff, aggrieved employees, and class members use their own personal cellular phones and/or cellular phone data to carry out Lifetouch's business operations, but failed to reimburse them for the full costs of their work-related cellular phone expenses. For example, Plaintiff was required to use her personal cellular phone to coordinate with other employees for a photo shoot, to contact the office if questions arose, to search for information using the Internet to get information about equipment setup, and to stream music to entertain children whom she was photographing. Lifetouch's policy has been, and continues to be, to reimburse photographer employees a flat amount of $20, irrespective of what their real out-of-pocket costs are. Moreover, Lifetouch requires employees seeking the $20 cell phone reimbursement to submit the first three pages of their cell phone bills, which some employees forego due to privacy concerns. Although Lifetouch required Plaintiff, aggrieved employees and other class members to utilize their personal cellular phones to communicate about work-related matters, Lifetouch failed to fully reimburse them for their expenses.

95.    At all times relevant hereto, Lifetouch also had a company-wide policy of requiring Plaintiff, aggrieved employees and class members to utilize their own

personal vehicles for work purposes. For instance, before her work day, Plaintiff is typically required to use her car to drive to the Lifetouch office to pick up the photographic equipment. Then she is required to use her car to get to the photo shoot site with the equipment, and afterward to bring all of the equipment back to the Lifetouch office. However, Lifetouch frequently failed to reimburse Plaintiff, aggrieved employees, or class members fully or timely for all costs of travel, including mileage.

96.     Lifetouch's company-wide policy and/or practice of passing on their operating costs to Plaintiff, aggrieved employees, and class members violates California Labor Code section 2802. At all times described herein, Lifetouch has acted willfully, and deliberately with oppression, fraud and malice to unlawfully deprive their employees of the employees' own personal resources in furtherance of Lifetouch's profits.

97.     Plaintiff, aggrieved employees, and class members are entitled to recover from Lifetouch their business-related expenses incurred during the course and scope of their employment, plus interest.

### SEVENTH CAUSE OF ACTION
**(Violation of California Labor Code sections 226(a), 1174(d), and 1198—Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records)**

98.     Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

99.     At all relevant times herein set forth, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

CLASS ACTION COMPLAINT

100.   At all relevant times, Lifetouch has knowingly and intentionally provided Plaintiff, aggrieved employees, and class members with uniform, incomplete, and inaccurate wage statements.  For example, Lifetouch issued uniform wage statements to Plaintiff, aggrieved employees and class members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including overtime rates of pay, and the corresponding number of hours worked at each hourly rate. Specifically, Lifetouch violated sections Labor Code sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

101.   Because Lifetouch failed to track and record all hours worked by Plaintiff, aggrieved employees and class members when they completed mandatory loading in and loading out of jobs, resulting in frequent off-the-clock work, Lifetouch did not furnish wage statements to Plaintiff, aggrieved employees and class members containing the correct amount of gross wages earned (Labor Code section  226(a)(1)), accurate totals of the hours worked (Labor Code section 226(a)(2)), correct amount of net wages earned (Labor Code section  226(a)(5)), or accurate number of hours worked at each hourly rate (Labor Code section 226(a)(9)).

102.   Additionally, because Lifetouch did not calculate Plaintiff's, aggrieved employees', or class members' regular rates of pay correctly for purposes of paying overtime, Lifetouch did not list the correct amount of gross wages earned by Plaintiff, aggrieved employees and class members in compliance with section 226(a)(1).  For the same reason, Lifetouch failed to list the correct amount of net wages earned by Plaintiff, aggrieved employees and class members in violation of section 226(a)(5).  Lifetouch also failed to correctly list all applicable hourly rates in effect during the pay period, namely, correct overtime rates of pay and correct rates of pay for premium wages, in violation of section 226(a)(9).

99.   California Labor Code section 1198 provides that the maximum hours

of work and the standard conditions of labor shall be those fixed by the Labor
Commissioner and as set forth in the applicable IWC Wage Orders.  Section 1198
further provides that "[t]he employment of any employees for longer hours than
those fixed by the order or under conditions of labor prohibited by the order is
unlawful."  Pursuant to the applicable IWC Wage Order, employers are required to
keep accurate time records showing when the employee begins and ends each work
period and meal period.  At all relevant times, Lifetouch failed, company-wide in
California, to keep records of meal period start and stop times for Plaintiff,
aggrieved employees and class members in violation of section 1198.  Because of
Lifetouch's failure to provide Plaintiff, aggrieved employees and class members
with 30-minute meal periods to which they were entitled, Lifetouch also kept no
records of meal start and end times for such meal periods.

100.   California Labor Code section 1174(d) provides that "[e]very person
employing labor in this state shall . . . [k]eep a record showing the names and
addresses of all employees employed and the ages of all minors" and "[k]eep, at a
central location in the state or at the plants or establishments at which employees
are employed, payroll records showing the hours worked daily by and the wages
paid to, and the number of piece-rate units earned by and any applicable piece rate
paid to, employees employed at the respective plants or establishments . . . ."  At all
relevant times, and in violation of Labor Code section 1174(d), Lifetouch willfully
failed to maintain accurate payroll records for Plaintiff, aggrieved employees and
class members showing the daily hours they worked and the wages paid thereto as a
result of failing to record the off-the-clock hours that they worked.

101.   Plaintiff, aggrieved employees and class members are entitled to
recover from Lifetouch the greater of their actual damages caused by Lifetouch's
failure to comply with California Labor Code section 226(a), or an aggregate
penalty not exceeding four thousand dollars ($4,000) per employee pursuant to
Labor Code section 226(e).

**EIGHTH CAUSE OF ACTION**
**(Violation of Labor Code sections 201, 202 and 203—Failure to Timely Pay Employees for all Wages Owed at Termination)**

103.    Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

104.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

105.    Lifetouch has a company-wide practice or policy of paying departing employees their final wages on the next regular pay cycle, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.  For example, a Plaintiff laid off on approximately December 2, 2019, would not receive her final pay until one to two weeks later, on December 9 or 16.

106.    In addition, Lifetouch willfully failed to pay Plaintiff, aggrieved employees and class members who are no longer employed by Lifetouch the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Lifetouch's' employ.

107.    Lifetouch's' failure to pay Plaintiff, aggrieved employees and class members who are no longer employed by Lifetouch their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Lifetouch's employ, violates Labor Code sections 201 and 202.  Plaintiff, aggrieved employees, and class members are therefore entitled to recover from Lifetouch the statutory penalty wages for each day they were not paid, at their regular rate of pay,

up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## NINTH CAUSE OF ACTION
### (Violation of Business and Professions Code section 17200 *et seq.*)

108.   Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

105.   Lifetouch is a "person" as defined by California Business & Professions Code sections 17201, as it is corporation, firm, partnership, joint stock company, and/or association.

106.   Lifetouch's conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, aggrieved employees, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Lifetouch's unlawful business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

107.   Lifetouch's activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

108.   A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Lifetouch's policies and practices have violated state law in at least the following respects:

(a)   Requiring non-exempt, hourly-paid employees, including Plaintiff, aggrieved employees and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198 and the applicable IWC Order, and paying Plaintiff, aggrieved employees and class members overtime at a lower rate than required by law by failing to properly calculate the regular rate of pay for purposes of overtime, as alleged herein;

CLASS ACTION COMPLAINT

(b)     Failing to pay at least minimum wage to Plaintiff, aggrieved employees
        and class members in violation of California Labor Code sections
        1182.12, 1194, 1197, 1197.1, and 1198 and the applicable IWC Order,
        as alleged herein;

(c)     Failing to provide uninterrupted, compliant meal periods to Plaintiff,
        aggrieved employees and class members in violation of California
        Labor Code sections 226.7, 512(a), 1198, and the applicable IWC
        Order, as alleged herein;

(d)     Failing to authorize and permit Plaintiff, aggrieved employees and class
        members to take compliant, uninterrupted rest periods in violation of
        California Labor Code sections 226.7, 1198, and the applicable IWC
        Order, as alleged herein;

(e)     Failing to provide Plaintiff, aggrieved employees and class members
        with accurate wage statements and failing to maintain accurate payroll
        records in violation of California Labor Code sections 226(a), 1174(d),
        1198, and the applicable IWC Order, as alleged herein;

(f)     Failing timely to pay all earned wages to Plaintiff, aggrieved employees
        and class members in violation of California Labor Code section 204
        and the applicable IWC Order, as set forth above; and

(g)     Failing to reimburse Plaintiff, aggrieved employees, and class members
        for all business expenses necessarily incurred in violation of California
        Labor Code sections 2802, as alleged herein.

109.    At all times relevant herein, Labor Code section 204 has provided and
provides that all wages earned by any person in any employment between the first
(1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those
wages due upon termination of an employee, are due and payable between the
sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor
was performed.

110.   At all times relevant herein, Labor Code section 204 has provided and provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

111.   At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

112.   At all relevant times herein, Lifetouch willfully failed to pay Plaintiff, aggrieved employees and class members all wages due including, but not limited to, overtime wages, minimum wages and meal and rest period premium wages, within the time periods specified by California Labor Code section 204.

113.   As a result of the violations of California law herein described, Lifetouch unlawfully gained an unfair advantage over other businesses.  Plaintiff, aggrieved employees, and class members have suffered pecuniary loss by Lifetouch's unlawful business acts and practices alleged herein.

114.   Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff, aggrieved employees and class members are entitled to restitution of the wages withheld and retained by Lifetouch during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Lifetouch to pay all outstanding wages due to Plaintiff, aggrieved employees and class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

\\\

CLASS ACTION COMPLAINT

## TENTH CAUSE OF ACTION
### (Civil Penalties Under Private Attorneys General Act,
Cal. Lab. Code sections 2698 *et seq.*)

109.   Plaintiff realleges and incorporates by reference all preceding allegations as though fully set forth herein.

110.   The policies, acts and practices heretofore described were and are unlawful because Lifetouch's failure to provide meal breaks, or provide compensation for missed meal breaks; failure to provide rest breaks, or provide compensation for missed rest breaks; failure to pay employees for all hours worked; failure to pay regular and overtime wages; failure to maintain and provide accurate wage statements to employees; and failure to reimburse employees for use of their cars and cell phones; and failure to timely pay employees upon termination violates applicable California Labor Code sections, including but not limited to sections 201-204, 226, 226.7, 351, 510, 512, 1051, 1052, 1174, 1194, and gives rise to statutory penalties as a result of such conduct as set forth in California Labor Code sections 2699, 2699.3, and 2699.5. Plaintiff, as an aggrieved employee, hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004 (the "PAGA") on behalf of herself and other current and former employees of Lifetouch against whom one or more of the violations of the California Labor Code was committed.

111.   On April 11, 2020, Plaintiff gave written notice to the California Labor and Workforce Development Agency by online submission through their website and, on April 1, 2020, by certified mail to Lifetouch, Inc. and Lifetouch National School Studios, Inc. of California Labor Code violations as prescribed by California Labor Code section 2699.3.  A copy of the letter is attached hereto as Exhibit A.

112.   Plaintiff has not received written notification by the LWDA of an intention to investigate the allegations set forth in Plaintiff's April 1, 2020, letter or written notice of cure by June 15, 2020, 65 calendar days April 11, 2020, as prescribed by California Labor Code section 2699.3(a)(2)(A).

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment and relief as follows:

(1) An order certifying that the action may be maintained as a class action;

(2) Compensatory and statutory damages, penalties and restitution, as appropriate and available under each cause of action, in an amount to be proven at trial based on, including, but not limited to, the unpaid balance of compensation Lifetouch owes;

(3) Civil penalties pursuant to Lab. Code sections 2698 *et seq.*;

(4) Reasonable attorneys' fees pursuant to the California Labor Code, including sections 218.5, 226, 1194, 2698. *et seq.,* and Code of Civil Procedure section 1021.5;

(5) Costs of this suit;

(6) Pre- and post-judgment interest; and

(7) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all legal claims alleged herein.

DATED:  August 10, 2020    MORGAN & MORGAN

           By:  /s/ Michael F. Ram
              Michael F. Ram

              Michael F. Ram (SBN 104805)
              mram@forthepeople.com
              Marie N. Appel (SBN 187483)
              mappel@forthepeople.com
              MORGAN & MORGAN
              COMPLEX LITIGATION GROUP
              711 Van Ness Avenue, Suite 500
              San Francisco, CA 94102
              Telephone: (415) 358-6913
              Facsimile: (415) 358-6293

Glenn A. Danas (SBN 270317)
gdanas@robinskaplan.com
ROBINS KAPLAN LLP
2049 Century Park E., Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for the Plaintiff Classes

CLASS ACTION COMPLAINT